[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2005
THOMAS K. KAHN
CLERK

No. 04-12694
Non-Argument Calendar

_____

D.C. Docket No. 03-20996-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL SANTANA SERRANO-PINERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We previously affirmed Serrano-Pinero's sentence. *See United States v. Serrano-Pinero*, Case No. 04-12694 (11th Cir. Nov. 23, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*.

In his initial brief on direct appeal, Serrano-Pinero argued: (1) the district court erred in finding he was not entitled to a reduction for a mitigating role, and (2) the district court erred under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), by sentencing him for transporting "one kilogram or more" of heroin because he never admitted or stipulated to importing an exact amount of heroin. On reconsideration, we reinstate our opinion as to the mitigating role issue and consider the *Booker* claim only.

Because Serrano-Pinero did not raise a *Blakely* or *Booker* objection in the district court, his *Booker* claim should be reviewed under the plain error standard. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

> An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

2

*Id.* (internal quotations and citation omitted). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements imposed under a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

There is a dispute between the parties regarding whether Serrano-Pinero admitted to the drug quantity used in his Guidelines sentence. Even assuming that Serrano-Pinero did not admit to the drug quantity, both his *Booker* constitutional and statutory claims fail because Serrano-Pinero cannot meet the third prong of the plain-error test. There is not "a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *See Shelton*, 400 F.3d at 1332; *Rodriguez*, 398 F.3d at 1301. Although the district court sentenced Serrano-Pinero at the low end of his Guidelines range, that is not enough to show the district court would have imposed a different sentence under an advisory regime. *See United States v. Fields*, 408 F.3d 1356, 1361 (11th Cir. 2005). There is nothing in the record indicating the district court would have imposed a different sentence if the

3

Guidelines would have been treated as advisory. Thus, the district court did not commit *Booker* plain error, either constitutional or statutory, and we affirm Serrano-Pinero's sentence.

**OPINION REINSTATED IN PART; AFFIRMED IN PART.**